UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GREENHORNE & O'MARA, INC.,

    Plaintiff,

v.                                      CASE NO.: 1:10cv23-SPM/AK

CONSOLIDATED ELECTRICAL
CONTRACTORS AND ENGINEERS, INC.,

    Defendant.
_____/

**ORDER DENYING MOTION TO DISMISS BUT DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT TO CLARIFY CLAIMS**

This cause comes before the Court on Defendant's Motion to Dismiss the Complaint (doc. 2) and Plaintiff's response (doc. 3). For the following reasons, the motion to dismiss will be denied.

    1.    The unsigned contract attached as a composite exhibit to the complaint does not foreclose recovery as a matter of law on the breach of contract alleged in Count 1.

    2.    With regard to Count 2, even if Plaintiff had attempted to state claims for recovery under unjust enrichment and quantum meruit in the same count, separation of possible theories of recovery under Federal Rule of Civil Procedure 10(b) is not required where the claims arise from the same actions or

underlying circumstances. Perkins v. Sch. Bd. of Pinellas County, 152 F.R.D. 227, 229 (M.D. Fla. 1993).

    3.    Unjust enrichment and quantum meruit may be based upon the same underlying facts. Commerce P'ship 8098 Ltd. P'ship v. Equity Contracting Co., 695 So. 2d 383, 387 (Fla. 4th Dist. Ct. App. 1997). "When properly raised in the pleadings, the overlapping theories may require a fact finder to view the facts as they might apply to both." Id.

    4.    Plaintiff's allegations in Count 2 are sufficient to state a claim for contract implied in law, also known as quasi contract and unjust enrichment. Commerce P'ship 695 So. 2d at 386 (setting forth elements for cause of action for contract implied in law).

    5.    Plaintiff also includes the term "quantum meruit" in the label for Count 2. While strictly speaking, the term quantum meruit is a remedy available for a contract implied in fact (Rite-Way Painting and Plastering, Inc. v. Tetor, 582 So. 2d 15, 17 (Fla. 2d Dist. Ct. App. 1984), the term is often used interchangeably with unjust enrichment. Commerce P'ship, 695 So. 2d at 386-87.

    6.    Although Defendant takes issue with the accuracy of the label Plaintiff placed on Count 2, "[a] complaint need not specify in detail the precise theory giving rise to recovery. All that is required it that the defendant be on notice as to the claim be asserted against him and the grounds on which it rests."

CASE NO.: 1:10cv23-SPM/AK

<u>Sams v. United Food & Commercial Workers Int'l Union</u>, 866 F.2d 1380, 1384 (11th Cir. 1989).

  7. Furthermore, Plaintiff has pleaded in Count 1 a claim for breach of contract that is sufficient to allege a claim for breach of express contract and alternatively breach of a contract implied in fact.  Count 1 does not specifically demand quantum meruit relief, but recovery based on quantum meruit may be available in accordance with Federal Rule of Civil Procedure 54(c).  <u>Evans Products Co. v. West Am. Ins. Co.</u>, 736 F.2d 920, 923 (3d Cir. 1984).

  Based on the foregoing, it is

  ORDERED AND ADJUDGED:  Defendant's Motion to Dismiss the Complaint (doc. 2) is denied.

  DONE AND ORDERED this 3rd day of March, 2010.

    *s/ Stephan P. Mickle*
    Stephan P. Mickle
    Chief United States District Judge